IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The State, | ) | Case No. 6:26-cv-02008-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>OPINION AND ORDER</u>** |
| | ) | |
| James Edgar Hopkins, IV, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Notice of Removal and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 10]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

Defendant commenced this action on May 18, 2026, by filing a document captioned as a notice of removal. [Doc. 1.] On June 8, 2026, the Magistrate Judge issued a Report recommending that the action be remanded to the state court because Defendant fails to allege "that his attempted removal of his state prosecution falls under any of the permissible circumstances enumerated by law" and fails to follow the procedural requirements of 28 U.S.C. § 1455. [Doc. 10 at 2–3.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Reports and the serious consequences if they failed to do so. [*Id.* at 5.]

On June 22, 2026, Defendant filed a letter. [Doc. 13.] Therein, Defendant states that he intended to file a notice of removal and a separate lawsuit for excessive force, but "the federal court somehow combined both actions." [*Id.*] In addition, Defendant states that he will file a new federal lawsuit "only over excessive force." [*Id.*] Defendant terms

his filing a "motion to dismiss this case." [*Id.*]  These statements indicate that Defendant consents to have this case remanded to the state court.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error.  Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the Court REMANDS this action to the state court.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 25, 2026
Greenville, South Carolina

2